UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LEO BACALL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-244 |
| | § | |
| SHELL TANKERS UK LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

### I.

Before the Court is the defendant Shell Tankers UK, Ltd.'s motion to dismiss the plaintiff Leo Bacall's suit pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. No. 3). On or about August 4, 2011, the Court conducted a telephonic scheduling conference with counsel for the parties and, pursuant to discussion, the Court directed counsel for the plaintiff to respond to the defendant's motion to dismiss on or before October 3; otherwise, the Court would take up the defendant's motion without a response. The plaintiff failed to timely respond to the defendant's motion, and to this day has not filed a response. The Court, therefore, accepts the defendant's factual allegations as true and grants the defendant's motion to dismiss.

### II.

The factual proffer before the Court reveals that the plaintiff, a native of the Phillipines, was diagnosed with acute myelogenous leukemia on or about April 28, 2009. Prior to this diagnosis, the plaintiff worked as a seaman aboard various vessels over a period of 20 or more years. These vessels were owned by several different United States and foreign entities. The

plaintiff alleges that the defendant caused or contributed to his injury by exposing him to a hazardous substance while serving on the DONAX during the early 1980's.

### III.

According to the plaintiff's pleadings, he joined the DONAX in London in the early 1980's. He disembarked from the DONAX on February 13, 1983, but continued to work on other vessels until 2009 when he collapsed aboard the HORIZON TIGER. During the course of the tour on the DONAX, the plaintiff contends that it visited Texas on one occasion, particularly Galveston, Texas. It is this occasion that gives rise to the plaintiff's claim that this Court has jurisdiction to entertain his suit.

### IV.

The defendant asserts that the facts, as presented by the plaintiff, fail to support personal jurisdiction over his suit. A plaintiff must establish the basis for jurisdiction and, according to the defendant, the plaintiff has failed to establish: sufficient minimum contacts; that his claims arise out of or result from the defendant's single contact with Texas; and, thus to require the defendant to litigate this suit in Texas would be unfair and unreasonable. Equally, the defendant asserts that the dispute has no connection to Texas and should be dismissed on *forum non conveniens* grounds. On this account, the defendant argues, it is a citizen of England and is amenable to the jurisdiction of the courts of England, the plaintiff's suit should be adjudicated there.

### V.

The plaintiff's suit involves a claim of specific jurisdiction; therefore, a court must determine whether: (a) the defendant has minimum contacts with Texas; (b) the plaintiff's suit arises out of a result of the defendant's forum-related contacts; and (c) the exercise of personal

jurisdiction is fair and reasonable. *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Because the defendant's proffer of facts establish that: (a) the plaintiff cannot establish that his injury occurred in Texas, and (b) the defendant has not purposefully availed itself to the laws of Texas, the Court is of the opinion that the traditional motions of fair play and substantial justice would be offended were the Court to exercise jurisdiction over the defendant. The plaintiff's own testimony fails to support his pleading that the DONAX entered a port in Texas. Hence, there is no evidence that the DONAX had any contact with Texas from which his suit might arise. The Court concludes that due process dictates that the plaintiff's suit be dismissed. *Id*.

Alternatively, the case should be dismissed based on the doctrine of *forum non conveniens*. The plaintiff's suit appears to be governed by the laws of England. Moreover, England is an available and adequate forum. Finally, the plaintiff has not proffered any facts that persuade the Court that the private interest factors favor Texas. Therefore, the Court is of the opinion that dismissal based on *forum non conveniens* should be GRANTED.

It is so ORDERED that the plaintiff's suit be, and it is, hereby DISMISSED without prejudice to the claim(s).

SIGNED at Houston, Texas this 21st day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge

3